*Suo v. Lynch*

BIA
Vomacka, IJ
A087 469 166

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges.*

_____

NAIYING SUO,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

14-2283
NAC

FOR PETITIONER: Dehai Zhang, Flushing, New York.

FOR RESPONDENT: Benjamin C. Mizer, Acting Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Naiying Suo, a native and citizen of the People's Republic of China, seeks review of a June 12, 2014 decision of the BIA affirming an October 21, 2013 decision of Immigration Judge ("IJ") Alan A. Vomacka denying Suo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Naiying Suo,* No. A087 469 166 (B.I.A. June 12, 2014), *aff'g* No. A087 469 166 (Immig. Ct. N.Y.C. Oct. 21, 2013). Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA decision, *see Xian Tuan Ye v. DHS*, 446 F.3d 289, 293, 296 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

For asylum applications such as Suo's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the plausibility of an asylum applicant's account and inconsistencies in his statements, so long as they reasonably support an inference that he is not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

The agency reasonably relied on implausible aspects of Suo's claim, the discrepancies between his testimony and that of his witnesses, and his lack of relevant corroborating evidence in finding him not credible. We uphold an IJ's implausibility findings unless we have a "definite and firm conviction that a mistake has been committed" and as long as the finding is "tethered to record evidence." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *see Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006).

3

Here, while Suo explained that after he was told not to practice Zhong Gong at work, he only practiced in isolated places when he thought no one was around, the IJ reasonably found that explanation implausible because Suo did not explain why he continued to practice while he was at work at all; he had claimed he was practicing Zhong Gong only for his health and so could have limited his practice to the safety of his home. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (agency need not credit applicant's explanation unless it would compel reasonable fact-finder to do so).

The agency's finding that Suo and his witnesses were inconsistent as to Suo's work history is also supported by substantial evidence based on discrepancies as to whether and when Suo worked in restaurants in New York, Minnesota, New Hampshire, or Massachusetts. In 2010, Suo testified that in 2008 and 2009 he worked as a cook in New York and Minnesota. In 2013, he testified that before working in Minnesota he worked in New Hampshire and Massachusetts and he never worked in New York. Similarly, Suo's two witnesses testified that they worked with him in New Hampshire and Massachusetts.

4

Having questioned Suo's credibility, the agency reasonably relied further on his failure to provide relevant corroborating evidence sufficient to rehabilitate his testimony: Suo did not present any documentary evidence showing that he had been arrested and detained in China, and neither he nor his witnesses presented any documents to show that they had worked together at restaurants in New Hampshire and Massachusetts. "An applicant's failure to corroborate his [] testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Because substantial evidence supports the agency's findings that Suo's claim was implausible and his testimony inconsistent, we conclude that a totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. Further, because the only evidence of a threat to Suo's life or freedom depended upon his credibility, the agency's finding that he was not credible provided an adequate basis for

denying him asylum, withholding of removal, and CAT relief.
*See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6